# Dillahunty *et al. v.* Smith.

Granting leave to file a bill of discovery in a trial at law, under the act of 1828, is a. matter in the sound discretion of the court.

The party applying for a bill of discovery in a trial at law, must use diligence, and apply in time, so as not to unnecessarily delay the trial of the cause.

IN ERROR from the circuit court of the county of Wilkinson.

DILLINGHAM & WALKER for plaintiff in error.

BOYD *contra.*

*Per Curiam.*

Referring to the abstract and brief of defendant in error—the plaintiffs having not furnished either—we consider that the filing or allowing of a bill of discovery, under the act of 1828, is a matter in the sound legal discretion of the court; for the act says, "and the said court, on inspecting the same, shall determine whether the same shall be had or not." In determining this matter, a formal application must be made, in due time, so as not to delay trial, unless good cause be shown for the delay to the court; and the court, on being satisfied that the application is made in due time, will proceed to consider whether or not the case made out by the bill, in reference to the subject matter of the suit pending, is such an one as to entitle the applicant to the discovery prayed for.

In this case it does not appear that any application was made to the court for an order allowing the bill to be filed, or for process to compel an answer, until the cause was called for trial.

·The suit at law was brought and put to issue at April term, and stood continued until October term, 1842, at which last stated

57*

Dillahunty *et al. v.* Smith.

term, on the first day thereof, the defendants filed with the papers in the cause their original bill of discovery, sworn to on the 3rd day of October, 1842; and on the 5th day of October an amended bill of discovery was sworn to, and the record states, "that said bill of discovery was offered to be read to the court when said cause was called for trial, for the purpose of obtaining the order and process of the court, &c. which the court refused to suffer the defendant to do, but compelled said defendants to go to trial;" to which opinion the defendants excepted.

It appears, further, that the defendants, at the October term, in addition to the plea of non assumpsit, on which issue was taken at April term, filed other pleas of non assumpsit and payment, on which issues were joined; the cause was tried, and verdict and judgment rendered for the plaintiff.

We are of opinion that the application for the allowance of the bill of discovery came too late. The April term, a half year's vacation, and eight days of the October term, had been allowed to pass, without any application to the court or notice to the opposite party, of the intention to apply for a discovery.

Judgment affirmed.